IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AMBER L. McWHA,

      Plaintiff,

v.                                                Civil Action No. 5:06CV164
                                                                    (STAMP)
FRANK H. OTWAY,

      Defendant.


**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

I. Background

The above-styled civil action arises out of a motor vehicle accident that occurred on January 22, 2005 between the plaintiff, Amber McWha, and the defendant, Frank Otway. On November 28, 2006, the plaintiff filed a complaint in the Circuit Court of Ohio County, West Virginia alleging that the defendant negligently caused the accident and that the plaintiff suffered resulting physical and emotional injuries. Thereafter, the defendant removed the action to this Court. The plaintiff filed a motion to remand to which the defendant responded and the plaintiff replied. This Court has considered the motion to remand and the response and reply thereto and concludes, for the reasons stated below, that the plaintiff's motion to remand must be granted.[1]

_____

[1]On August 8, 2007, this Court entered an agreed partial dismissal order dismissing any and all of plaintiff's claims in this case against Allstate Insurance Company as fully compromised and settled. The plaintiff's motion to remand remains ripe for review because the plaintiff's claims against defendant, Frank

## II.  Facts

The plaintiff alleges that on January 22, 2005, on a public road known as Interstate 70 near Triadelphia, West Virginia, the defendant negligently drove his motor vehicle into the motor vehicle in which the plaintiff was a passenger.  The plaintiff asserts that the defendant was negligent in failing to maintain control of his vehicle and in failing to keep a proper lookout. The plaintiff claims that as a direct and proximate result of the defendant's alleged negligence, she has suffered physical, emotional, and economic injuries.  As relief, the plaintiff seeks compensation for her alleged losses, along with pre-judgment and post-judgment interest and costs.

## III.  Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441.  A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  28 U.S.C. § 1332(a).  The party seeking removal bears the burden of establishing federal jurisdiction.  See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

---

Otway, have not been compromised and settled.

2

Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

## IV. Discussion

In her motion to remand, the plaintiff does not deny that diversity exists, because she is a resident of the State of West Virginia and the defendant is a resident of the State of Ohio. Rather, the plaintiff asserts that this action must be remanded to state court because the defendant has failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interests and costs. This Court agrees.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. This burden of proof requires the defendant to produce evidence that establishes that the actual amount in controversy exceeds $75,000.00. See DeAquilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995), cert. denied, 516 U.S. 865 (1995). When no specific amount of damages is set forth in the complaint, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in

controversy satisfies the jurisdictional minimum. <u>Mullins v.</u>
<u>Harry's Mobile Homes, Inc.</u>, 861 F. Supp. 22, 23 (S.D. W. Va. 1994).

In this case, the defendant argues that the amount in
controversy is met because the plaintiff seeks future medical
expenses for allegedly permanent injuries and seeks lost wages and
compensation for an alleged loss of earning capacity. The
defendant also argues that by serving on the defendant a request
for admission that the claim in this case exceeds $75,000.00, the
plaintiff herself has in effect admitted that she values her claim
in excess of the jurisdictional threshold. Further, the defendant
argues that the Court should not consider the plaintiff's
settlement offer of $74,999.00 because it was made post-removal.
Finally, the defendant argues that the plaintiff's claim exceeds
the jurisdictional minimum because the plaintiff notified her
underinsured motorist carrier of a potential claim even though the
defendant's insurance coverage exceeds $75,000.00.

Mere speculation cannot satisfy the defendant's burden of
proving the amount in controversy by a preponderance of the
evidence. A defendant seeking removal must supply competent
evidence to support his contention that the amount in controversy
is exceeded. Here, the defendant has failed to offer sufficient
proof that the plaintiff's claims for future medical expenses, lost
wages and lost earning capacity exceed the jurisdictional
threshold. Although the plaintiff's complaint does not set forth

a total monetary sum requested, the plaintiff does specifically allege that she has incurred $5,344.76 in medical expenses. While this amount is not dispositive of the value of this civil action because it does not include figures for future medical expenses, lost wages and lost earning capacity, it does provide some indicia as to the amount of damages involved, which is far from the $75,000.00 jurisdictional minimum. The defendant has not shown that the damages not specifically quantified in the complaint raise the amount in controversy in this case above the jurisdictional threshold.

The defendant emphasizes the fact that the plaintiff served him with a request for admission seeking an admission that the amount in controversy in this matter exceeds $75.000.00. The request for admission, however, does not aid this Court in determining the amount in controversy in this case. The defendant responded to the request by stating that, because of lack of information, he could neither admit nor deny the request. Further, the act of serving the request for admission does not itself constitute an admission by the plaintiff regarding the amount in controversy.

Additionally, the defendant argues that the plaintiff's post-removal settlement demand of $74,999.00 has no effect on the amount in controversy. Unlike the plaintiff who did not make a settlement demand until after the notice of removal was filed, the defendant,

prior to commencement of this civil action offered, on two separate occasions, $11,000.00 to settle the plaintiff's claims. Although settlement offers are not determinative of the amount in controversy, they do "[count] for something." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994). In this case, the only pre-removal settlement offers made were for an amount far less than the jurisdictional minimum.

Finally, the fact that the plaintiff placed her underinsured motorist carriers on notice of a potential claim is insufficient evidence of the actual amount in controversy. Indeed, under West Virginia law, a plaintiff has a duty to notify her insurance carrier of a potential underinsured motorists claim upon learning that the defendant's insurance coverage may be inadequate to cover losses. State Auto. Mut. Ins. Co. v. Youler, 396 S.E.2d 737, 741-42 (W. Va. 1990). The purpose of providing notice of a potential claim is to provide the insurer with the opportunity to make a timely and adequate investigation of the circumstances surrounding the claim. Id. at 742.

After careful consideration of the memoranda filed in support and in opposition to the plaintiff's motion to remand, this Court finds that the defendant has failed to show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount. Accordingly, the plaintiff's motion to remand must be granted.

## V.  Conclusion

For the reasons stated above, the plaintiff's motion to remand is hereby GRANTED.  The plaintiff's request for an award of fees and costs is DENIED because the plaintiff has failed to present any evidence that the defendant acted frivolously or for any improper purpose by filing a notice of removal.  Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia.[2]  Nothing prevents the defendant from filing a second notice of removal.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.

DATED:    August 15, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP., JR.
UNITED STATES DISTRICT JUDGE

---

[2] Of course, upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable, the defendant may file a second notice of removal.  28 U.S.C. § 1446(b).  The case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action.  Id.